**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNIVERSITY OF SOUTH
FLORIDA RESEARCH             CASE NO.:
FOUNDATION, INC., a Florida
nonprofit corporation,

       Plaintiff,

v.

AXCESS GLOBAL SCIENCES, LLC,
a Utah limited liability company,

       Defendant.
_____/

## COMPLAINT

Plaintiff, University of South Florida Research Foundation, Inc. ("USF-RF"), sues Defendant, Axcess Global Sciences, LLC ("AGS"), alleging:

### Introduction

1. USF-RF brings this case to collect past due royalties and interest owed to it by AGS under the August 31, 2017 Standard Exclusive License Agreement With Sublicensing Terms between USF-RF and AGS (the "License Agreement").

2. AGS has breached the License Agreement by at least failing to pay USF-RF the minimum royalties owed under that agreement.

3. Moreover, a recent audit of the activities of AGS and its sublicensee, Pruvit Ventures, Inc. ("Pruvit"), revealed that AGS may owe substantial additional royalties to USF-RF above and beyond the minimum royalties required by the License Agreement.

## The Parties

4. Plaintiff USF-RF is a Florida nonprofit corporation, with its principal place of business in Tampa, Hillsborough County, Florida. USFRF is a direct support organization of the University of South Florida, pursuant to Section 1004.28, Florida Statutes.

5. Defendant AGS is a Utah limited liability company, with its principal place of business in Salt Lake City, Salt Lake County, Utah.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between USF-RF and AGS.

7. This Court possesses personal jurisdiction over AGS under Florida's Long Arm Statute, § 48.193, Florida Statutes, and this Court's exercise of personal jurisdiction over AGS comports with the requirements of due process because AGS breached its License Agreement with USF-RF by failing to perform acts required by the License Agreement to be performed by AGS in Tampa, Florida.

8. Venue is proper under 28 U.S.C. Section 1391 because a substantial part of the events or omissions giving rise to the claims in this case occurred, and the causes of action accrued, in Tampa, Florida where USFRF suffered its damages.

## General Allegations

9. USF-RF owns and licenses patents covering inventions developed by the University of South Florida though its professors and students.

10. In the License Agreement, USF-RF licensed to AGS a group of its patents, including United States Patent Nos. 9,138,420, 9,675,577, 10,646,462, and foreign patent applications and patents claiming priority to such patents. A copy of the License Agreement is attached to this Complaint as Exhibit A.

11. At all times since its effective date of August 31, 2017, the License Agreement has been and continues to be valid and enforceable.

12. Section 4.4.1 of the License Agreement requires AGS to pay USF-RF minimum royalties in the amount of $2,000,000.00 for the year 2020 and every year thereafter for the life of the License Agreement (the "Minimum Royalty Obligation").

13. Section 4.4 of the License Agreement requires AGS to pay the Minimum Royalty Obligation in quarterly installments on March 31, June 30, September 30, and December 31, of each year.

14. The License Agreement also requires AGS to pay USF-RF royalties above the Minimum Royalty Obligation if royalties due under the License Agreement, including those royalties owed to USF-RF in connection with AGS' sublicense with Pruvit, exceed the amount of the Minimum Royalty Obligation.

15. Section 6.2 of the License Agreement entitles USF-RF to conduct audits to verify the accuracy of AGS' and Pruvit's accounting relating to AGS' royalty obligations to USF-RF.

16. In accordance with Section 6.2, USF-RF had audits performed during the year 2020 to verify the accuracy of AGS' and Pruvit's accounting relating to AGS' royalty obligations to USF-RF for the years 2017 through 2019 (the "Audits"). The Audits were performed remotely, rather than on-site, due to the COVID-19 global pandemic.

17. The Audits found substantial discrepancies between the amount of royalties paid by AGS to USF-RF and the amounts owed to USF-RF under the License Agreement.

18. USF-RF sent written notice to AGS on March 18, 2021, of the Audit findings and proposed to address the issues raised in the Audits via a truncated version of the License Agreement's dispute resolution procedures.

19. USF-RF and AGS agreed to amend the dispute resolution procedures in the License Agreement to consist solely of: (a) an in-person settlement conference between representatives of USF-RF and AGS, together

with their respective counsel, to be held on April 23, 2021 in Tampa, Florida; and (b) a mediation to be held on May 3, 2021, in the event of an impasse at the April 23, 2021 settlement conference. A copy of the email exchanges confirming that agreement is attached to this Complaint as Exhibit B.

20. As agreed, USF-RF and AGS, together with their respective counsel, conducted the settlement conference on April 23, 2021 in Tampa, Florida. The settlement conference quickly reached an impasse, following which the representatives of USF-RF and AGS acknowledged their obligation to mediate on May 3, 2021.

21. On Friday, April 30, 2021, AGS breached the amended dispute resolution procedures by confirming in writing AGS' refusal to attend the mediation scheduled for May 3, 2021. A copy of the April 28 through 30, 2021, email exchanges evidencing AGS' refusal to mediate on May 3, 2021, as previously agreed, is attached to this Complaint as Exhibit C.

22. AGS' refusal to comply with the agreed amended dispute resolution procedures makes this dispute ripe for presentation to this Court. AGS' conduct described above waived any right it may have had to insist upon compliance by USF-RF with the dispute resolution procedures set forth in the License Agreement.

23. All conditions precedent to the maintenance of this action have occurred, have been performed or have otherwise been excused or waived.

## COUNT I
## BREACH OF CONTRACT

24. USF-RF realleges and incorporates by reference the allegations set forth in paragraphs 1 through 23 above.

25. In 2020, AGS paid USF-RF royalties totaling $190,426.74.

26. To date, AGS has not paid USF-RF any royalties for the year 2021.

27. Under Section 4.5.2 of the License Agreement, unpaid royalties owed by AGS to USF-RF accrue interest at the rate of one and one-half percent (1.5%) per month.

28. AGS materially breached the License Agreement by failing to pay to USF-RF the Minimum Royalty Obligation owed for 2020, plus interest.

29. AGS also materially breached the License Agreement by failing to pay USF-RF the Minimum Royalty Obligation owed for 2021, plus interest.

30. USF-RF has been damaged by AGS' breaches of the License Agreement.

WHEREFORE, Plaintiff, University of South Florida Research Foundation, Inc., respectfully requests the Court enter judgment in its favor and against Axcess Global Sciences, LLC, and to award to Plaintiff its damages, costs, interest, and all other relief this Court deems just and appropriate.

## COUNT II
## EQUITABLE ACCOUNTING

31. USF-RF realleges and incorporates by reference the allegations set forth in paragraphs 1 through 23 above.

32. The calculation of royalties owed by AGS to USF-RF under the License Agreement from its effective date through the present is complex and requires the examination of records in the possession, custody and control of AGS and AGS' sub-licensee Pruvit.

33. A Court-ordered accounting is needed from the effective date of the License Agreement to the present in order to determine: (a) the amount of royalties owed by AGS to USF-RF (the "Unpaid Royalties"); and (b) the amount of interest owed by AGS to USF-RF on the Unpaid Royalties.

34. A Court-ordered accounting is both equitable and required in light of the facts alleged above and due to: (a) the multi-year time period at issue; (b) the complexity of the numerous transactions subject to royalty calculations occurring during that time period; and (c) the inadequacy of a remedy at law.

35. Section 6.2 of the License Agreement provides that AGS is responsible for paying USF-RF's out-of-pocket expenses incurred in connection with any review that reveals a royalty payment deficiency by AGS in excess of three percent (3%) for any calendar year.

36. USF-RF is entitled to recover its out-of-pocket expenses incurred in connection with the Court-Ordered accounting from AGS if such an accounting reveals that AGS underpaid royalties to USF-RF in an amount in excess of three percent (3%) for any calendar year since the effective date of the License Agreement.

WHEREFORE, Plaintiff, University of South Florida Research Foundation, Inc., respectfully requests the Court to: (a) enter judgment in its favor and against Axcess Global Sciences, LLC; (b) order an accounting to determine: (i) the amount of Unpaid Royalties owed by AGS to USF-RF; and (ii) the amount of interest owed by AGS to USF-RF on the Unpaid Royalties, and (c) grant all such further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

USF-RF hereby demands a trial by jury on all issues so triable.

Dated: May 5, 2021                              Respectfully submitted,

*/s/ Richard E. Fee*
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar. No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 Facsimile
rfee@feejeffries.com
kwade@feejeffries.com
bszabo@feejeffries.com

*Lead Trial Counsel for*
University of South Florida
Research Foundation, Inc.